**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VICTOR RODRIGUEZ MALAGA,<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, *et al.*,<br>Respondents. | Case No. 26-cv-06206-BAS-JAC<br><br>**ORDER SETTING HEARING ON PETITION** |

Petitioner Victor Rodriguez Malaga filed a habeas petition challenging his detention. (ECF No. 1.) The Government responded. (ECF No. 4.) Petitioner files no Traverse.

The entire premise of the Petition depends on whether Petitioner filed a timely notice of appeal from his final order of removal. Petitioner says he did. The Government has no record of it. For the reasons stated below, the Court sets a hearing on the issue.

## I. STATEMENT OF FACTS

The Government files evidence that on September 11, 2026, an Immigration Judge ordered Petitioner's partner Isis Guadalupe Ramirez de la Rosa (A#244-673-785) removed. (ECF No. 4, Ex. 1.) The removal order includes a "Rider" that includes Petitioner (A#244-673-787).

Petitioner claims he attempted to appeal this decision. (ECF No. 1 ¶ 1.) Petitioner provides evidence that he paid a $1,060 appellate fee referencing A#244-673-785 (that of his partner). (ECF No. 1-3, Ex. B.) Additionally, on October 9, 2026, he electronically submitted a Notice of Appeal (form EOIR-26) in the names of both Petitioner and his partner and referencing both A numbers. (*Id.* Ex. C.) Petitioner claims he received notice that the appeal was rejected for his partner, but not for him. (ECF No. 1 ¶ 6.) The Government records reflect no timely appeal was filed or rejected for Petitioner. (ECF No. 4, Exs. 2–3.)

Immigration and Customs Enforcement ("ICE") instructed Petitioner to appear for a check-in. (ECF No. 1 ¶ 11.) ICE then instructed Petitioner to return within 24 hours with evidence that the Board of Immigration Appeals ("BIA") had processed his appeal. (*Id.*) When Petitioner failed to do so, Petitioner was detained. (*Id.* ¶ 13.)

## II. ANALYSIS

Petitioner argues that he has been improperly detained pursuant to Section 1231. (ECF No. 1.) A noncitizen who has been ordered removed shall be detained while the order is being executed. 8 U.S.C. § 1231. An Immigration Judge ordered Petitioner removed on September 11, 2026. (ECF No. 4, Ex. 1.) Petitioner had 30 days from the final order of removal to file a timely appeal. 8 C.F.R. § 1003.38(b)(2). If no timely appeal was filed from this order, then Petitioner is properly detained under Section 1231.

It is unclear from the current record whether the $1,060 appellate filing fee covered Petitioner as well as his partner. It is also unclear from the record if there was a Notice of Appeal submitted, where it was submitted, and if it was rejected and for what reasons.

## III. CONCLUSION

Accordingly, the Court will hold a hearing at which time Petitioner may submit evidence to support his argument that the removal order is not final because he timely filed a Notice of Appeal. If the Court concludes no timely Notice of Appeal was filed, the Court will deny the habeas petition. If the Court concludes a timely Notice of Appeal was filed,

the Court will take argument on whether there is any remaining issue for the Court to decide.

Hence, the Court **ORDERS** the parties to appear on **Friday, November 20, 2026, at 11:00 a.m.**, in Courtroom 12B for a hearing on this matter.

**IT IS SO ORDERED.**

**DATED: November 17, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**